*Middlesex,*
July,
1827.

Meigs
*v.*
Dimock.

6  458
58  521

Meigs and others *against* Dimock :

IN ERROR.

The vendor of land has in equity a lien on the land sold, for the purchase money unpaid, in those cases only, where the vendor's object is money, and where, having no other security, he relies on his lien for security.

*A.*, in 1808, conveyed land to *B.*, his son, in consideration that *B.* would support *A.* during life. *B.*, at the same time, gave a bond to A. to furnish such support, and executed to him a life-lease of a part of the land. In 1811, *B.* died insolvent, without having furnished any support to *A.*, and the court of probate ordered the land to be sold, by his administrator, for the payment of his debts. The creditors of *B.* agreed with *A.* to convey the land to him in part payment of their claims, and executed a deed to him accordingly. *A.* occupied the land until *September,* 1820, and then conveyed it to *C.*, for a consideration equal to its full value. In *September,* 1822, *C.* sold the land to *D.*, who went immediately into possession, and made repairs and improvements.— In *October,* 1822, *A.* died. In *August,* 1824, the widow of *B.* claimed dower in the land, and had it set out to her, by a decree of probate. She soon afterwards brought ejectment against *D.* ; and he thereupon preferred a bill in chancery against her, praying for an injunction and release of her dower.— The court found the facts above stated, but negated any special notice to the defendant, except what might be presumed from the records, and any fraud, except what might be inferred from the facts. Held, 1. that the order of the court of probate to sell, was of no avail, as it was never acted on ; 2. that the sale by the creditors, being without authority, was void ; 3. that no fraud in the defendant was inferrible from the facts ; 4. that her right of dower was not barred or lost, by lapse of time ; 5. that as *A.* intended *B.* should have the land, and no money was to be paid, but a duty performed, to secure the performance of which a bond and life-lease were taken, *A.* had no lien on the land ; 6. that at any rate, *D.* was not entitled to the relief sought, as he had neither title to, nor interest in, the subject matter.

This was a bill in chancery, preferred to the county court, by *Anson Meigs, James Robinson* and *Samuel Robinson,* against *Sophia Dimock.* The material facts alleged in the bill, and found by the court, were these. On the 12th of *June,* 1808, *Daniel Dimock,* sen. then in life, conveyed, by deed of that date, certain pieces of land, of the value of 400 dollars, to his son, *Daniel Dimock,* jun., also then in life, in consideration that the latter would support his father and his wife *Thankful,* during their lives. The son gave a bond of that date to his father, to furnish such support. He also executed a lease of one undivided moiety of about half an acre of said land, with a dwelling-house thereon, and of a like moiety of about seven acres, part of the premises conveyed, to *Daniel Dimock,* sen. and his wife *Thankful,* during their lives. In *October,* 1811, *Daniel Dimock,* jun. died, deeply insolvent; and the

court of probate, to which pertained the settlement of his estate, directed these lands to be sold, by the administrator, for the payment of his debts.   Neither *Daniel Dimock*, sen., nor *Thankful*, had ever become chargeable to *Daniel Dimock*, jun., nor had he paid any thing for their support; nor at his death, had he made any provision for their future support, they being then in full life.   On the 6th of *September*, 1813, and before the order of sale, by the court of probate, the creditors of *Daniel Dimock*, jun. agreed with *Daniel Dimock*, sen., that they, the creditors, would convey to *Daniel Dimock* sen. said half acre of land and buildings, and the piece of land of seven acres, for 279 dollars, in part payment of their claims ; and by mistake, the conveyance was made by the creditors, instead of the administrator.   *Daniel Dimock* sen. occupied the premises until the 8th of *September*, 1820, and then conveyed, by deed, to *James Robinson*, then in full life, since deceased ; and in consideration thereof, the said *James Robinson*, with the plaintiffs, *James* and *Samuel Robinson*, then agreed to support *Daniel Dimock* sen. and his wife *Thankful*, during their lives. In pursuance of this agreement, they did support them until their deaths ; and in such support, expended upwards of 300 dollars, and more than the value of the premises.   *Daniel Dimock* sen. and *Thankful* died, one in *October*, the other in *November*, 1822, wholly destitute of property.   The heirs of *James Robinson*, deceased, two of whom, *James* and *Samuel*, are the plaintiffs, conveyed the house, buildings and half acre of land, to the other plaintiff, *Anson Meigs*, on the 10th of *September*, 1822, with the usual covenants of warranty, &c., who immediately went in possession thereof, and has made repairs, and necessary and useful improvements.   *Sophia Dimock* is the widow of *Daniel Dimock* jun. and has always resided in *Durham*, where the property in question is situated ; the conveyances above mentioned, were recorded, at or near their respective dates, in the records of that town ; and the order of the court of probate to sell the estate of *Daniel Dimock*, jun. appeared in the records of the court of probate for the district of *Middletown* ; yet she never claimed dower until the 21st of *August*, 1824, when she obtained an order from the court of probate to set out to her as dower one third of the premises ; which was complied with, on the 8th of *February*, 1825 ; and on the 10th of *October*, 1825, a return thereof was made, which has since been accepted.   She has since brought her ac-

*Middlesex,*
July,
1827.

*Meigs*
*v.*
Dimock.

tion for the surrender of one third of the premises, which is now pending.

The plaintiffs in their bill alleged special notice to the defendant of all the facts, and charged fraud in claiming as aforesaid, and in attempting to subject the plaintiffs, *James* and *Samuel Robinson,* on their covenants. The county court found no other notice than what may be presumed from the records ; nor any fraud, unless it may be inferred from the facts recited.

The bill sought an injunction against the defendant's proceeding in her action at law, and a release of her right to dower.

On these facts the county court denied any relief to the plaintiffs, and dismissed the bill. The plaintiffs thereupon brought a writ of error, returnable to the superior court, which was, by that court, reserved for the advice of this Court.

*Sherman* and *Stanley,* for the plaintiffs in error, after observing that the legal title was in the defendant, and that she must prevail in her action at law, unless the plaintiffs could obtain relief in chancery, contended, That the right of the plaintiffs was superior in equity to the the title of the defendant.

1. If *Daniel Dimock,* jun. were living, the plaintiffs would clearly be entitled to relief in equity against him, as the conveyance to him was conditional, and the condition has not been performed. The consideration entirely failed. As between *Daniel Dimock,* sen. and his son, a court of chancery would surely interpose to prevent the latter from ejecting his father ; and it will not be denied, that the plaintiffs stand on as high ground as *Daniel Dimock* sen. The plaintiffs have paid the full value of the premises, and more, without notice of any claim of dower.

2. The relief prayed for ought to be granted against the widow of *Daniel Dimock* jun.

In the first place, her estate is a *derivative* one, from her husband ; and she holds it subject to the same equity as it would be in his hands, if he were living. The equity which would bind her husband, binds her. Dower is not acquired by purchase ; but is created by operation of law. The widow does not become entitled to it, in consideration of the marriage ; for if this were the foundation of her title her husband could not, in his life-time, defeat it ; as he may do, not only indirectly. by alienation on sale, but directly by a voluntary conveyance

for the purpose. *Stewart* v. *Stewart*, 5 *Conn. Rep*. 317. Real estate acquired after the marriage, which is generally the greatest part, is as much subject to dower, as that which is owned at the marriage. It is absurd, then, to say, that dower is founded on this valuable consideration.

Secondly, *Daniel Dimock* sen., the vendor of the property, had an equitable lien upon it, for the purchase money, which was wholly unpaid. *Garson* v .*Green* & al. 1 *Johns. Chan. Rep*. 308. *Sug. Vend*. 352. This is a salutary doctrine, as between the vendor and the vendee, and those claiming under them respectively, with notice. Within these limits, it prevails in all cases, where there is nothing on the face of the transaction, shewing a waiver of the lien. The taking of a promissory note, or of a bond, as in this case, does not evince an assent that the lien shall be inoperative. *Sug. Vend*. 356 This lien existed on the estate in question, before and at the time the right of dower accrued ; and the tenant in dower must take it subject to the incumbrance.

Thirdly, the order to sell, was to sell the whole estate, without excepting dower. The creditors were, of course, entitled (no claim of dower being made) to the value of the whole, clear of dower ; and the whole was paid to them, by *Daniel Dimock* sen. The conveyance to him, by the creditors, being for a full consideration, ought, in equity to stand on the same ground it would have stood, if made by the administrator, in compliance with the order to sell.

Fourthly, the defendant has permitted the plaintiffs, and those under whom they claim, to purchase the land, and expend money in improvements, without making any claim for fourteen years ; having notice of the facts, and of her right, by the records of the court of probate and of the town. 2 *Swift's Dig*. 71,2. *Wendall* v. *Rensselaer*, 1 *Johns. Chan. Rep*. 344. *Storrs*. & al. v. *Barker*, 6 *Johns. Chan. Rep*. 166.

*Storrs*, for the defendant, after remarking, that the conveyance from *Daniel Dimock* sen. to his son, was, in terms, absolute, and not conditional ; and that it was not a conveyance in trust ; contended, 1. That the vendor of the property had no lien on it for the purchase money. Although there may be cases, where equity considers the land sold as pledged for the purchase money, and the vendee a trustee for the vendor ; yet it is never done where it appears not to have been the intention of

*Middlesex,*
July,
1827.

Meigs
*v.*
Dimock.

the parties ; nor where other security is taken.    Here a bond and a lease were given.    Clearly, it is not so considered between the vendor and *third persons without notice.*    2 *Swift's Dig.* 115.

2. That no case can be found, where such a trust is recognized in equity, to defeat *dower.*    The widow, in relation to dower, is not a volunteer.    She is preferred even to creditors.    Dower is favoured both in law and equity.

3. That the estate being such as to entitle the defendant to dower, she is not precluded from enforcing her claim to it, on the ground of *fraud.*    No fraud is alleged in the bill, or found by the court.    Every part of the finding is compatible with perfect honesty.    No silence or concealment is imputable to her, such as brings her within the principle of equity, that if a person is silent when conscience repuires him to speak, he shall not be permitted to speak when conscience requires him to be silent.    How can her assent, or fraud, be inferred from her silence, when she was ignorant of every transaction until after it had taken place ?

4. That the right of the defendant is not barred, or lost, by *lapse of time.*    There is no statute of limitations against dower.    And if there were, it might be used as a defence at law ; and of course, the plaintiffs would not need the aid of a court of chancery.    But the matter of fact fails.    The widow could not claim dower until the death of *Daniel Dimock* sen. and his wife, which happened as late as 1822.

5. That the order of the court of probate to sell, cannot affect the dower.    The order is always *general*, and means *subject to dower.*    The defendant was no party to the order ; she could not appeal from it ; and her right cannot be affected by it.

DAGGETT, J. The order of the court of probate to sell, may be laid out of the case, because it has never been acted on.— No proceedings by the administrator have been had.    The sale by the creditors, was without a shadow of authority, and therefore, null and void.    *Daniel Dimock* sen. got no title, by the deed of the creditors to him ; nor *James Robinson*, by the deed of *Daniel Dimock* sen. to him.

There is no colour for saying, that the facts found shew any fraud in the defendant.    She is endeavouring to enforce her right of dower ;—a right highly favoured in the law, and by our

statute deemed superior to the claims of *bona fide* creditors.—
She is not attempting this in violation of any contract, either
express or implied; nor was she bound at all to regard the
extrajudicial and unauthorized proceedings of the plaintiffs
and others with the estate of her deceased husband.

No statute of limitations has run against her claim; nor does
it appear, that she has, by any act, encouraged the plaintiffs to
pay money, enter into covenants, take or give deeds, or make
improvements and repairs in or about this land.

The claims of the plaintiffs, in none of these respects, seem
to demand the relief sought, or any interposition of a court of
equity. Nor is the court furnished with any decisions or prin-
ciples in support of this bill, on any of the grounds above men-
tioned.

One consideration only urged by the plaintiffs in error, seem-
ed to call for the serious deliberation of the Court. It was in-
sisted, that as *Daniel Dimock*, jun. had never paid for the land
conveyed by his father, by the deed of the 13th of *June*, 1808,
the father had a lien upon it, which yet remains; and that a
court of chancery would compel a reconveyance. If this pro-
position were true, it cannot sustain *this* bill. *Daniel Dimock,*
sen. is not seeking redress, nor his heirs or creditors. He was
in full life, at the death of *Daniel Dimock*, jun., and when all
these conveyances were made. It does not appear, that he
ever exhibited any claim against the estate of *Daniel Dimock*,
jun., or sought any redress, either at law or in equity, on the
bond to support, of the 13th of *June*, 1808, which he took with
the lease in satisfaction of the conveyance.

It seems, that *Daniel Dimock*, sen. and the creditors of *Daniel
Dimock*, jun. undertook to take all the estate of the latter into
their possession, and to dispose of it, without the aid either of
a court of chancery, or of the court of probate, to which pro-
perly pertained the settlement of his estate. It would be quite
novel, and not less indiscreet, to sanction such proceedings.—
Equity would cease to be the hand-maid of the law, while thus
counteracting its provisions.

But this is not a case, which can be upheld, by the proposi-
tion advanced. None of the cases where a vendor has been
decreed to have a lien on the land sold for the payment of the
purchase money, are like this. In all those cases, the vendor's
object is money;—he relies on his lien on the land, there be-
ing no other security; and the court of equity says, he shall not

*Middlesex,*
*July,*
*1827.*

*Meigs*
*v.*
*Dimock.*

be defeated. But what was the real nature of this transaction? *Daniel Dimock,* sen. intends his son shall have all this estate. He takes a bond for the support of himself and wife, during life, and a lease of the buildings and half an acre, and of seven acres of land, during the same period. Not a cent of money was intended to be paid. He conveyed by deed. Why not take back a mortgage? Why not take a note or bond for the purchase money? The nature of the transaction did not require it.

It may be added, that this doctrine of lien has never been adopted, in its extent, in *Connecticut.* See the case of *Dean* v. *Dean, Windham* county, *July,* 1826.

It may also be observed, that it is not easy to discover any *interest* in these plaintiffs, which can sustain their bill, aside from the foregoing difficulties. They are neither the representatives, nor heirs, of either of the *Dimocks;* and upon the foregoing principles, have neither a legal nor equitable interest in the subject matter.

I have no doubt of the correctness of the decision of the county court; and therefore, would advise the superior court, that there is no error in the decree complained of.

The other Judges were of the same opinion.

Judgment to be affirmed.