CHARLES Y. HUTCHINSON AND WIFE v. RICHARD PATRICK
AND ANOTHER.

C. Y. H. bought of J. G. a tract of land, gave his two notes for the balance
of the purchase money, and caused a deed for the land to be executed to his
wife; this deed contained the following clause: "I further covenant that
"the aforesaid granted premises are free from all manner of incumbrances,
"charges or liens, whatsoever, excepting that the said J. G. (the vendor) has
"a lien upon the before described property, (until the aforesaid two notes,
"described in this instrument of conveyance, are paid,) to the effect that the
"said property cannot be sold, or disposed of in anywise, until the payment
"of said notes are made:" suit having been brought upon one of the notes,
by an assignee thereof, against C. Y. H. and his wife, to enforce the vendor's
lien upon the land: *Held*, that the said deed did not operate merely as a
restraint upon the right of the grantee to sell the land, until the purchase
money should be paid, but that a lien was thereby retained, to secure the
payment thereof.

The grantee of land, when the deed under which she holds, acknowledges that
a lien is retained upon the land to secure the purchase money, cannot set
up as a defence to a suit to enforce said lien, that there was a contempora-
neous agreement that the grantor was not to look to the land for the payment
of the purchase money.

ERROR from Gonzales.   Tried below before the Hon. Field-
ing Jones.

Suit by defendants in error, against plaintiffs in error, upon
a note for $1,000, executed by Charles Y. Hutchinson to
Joseph Guichard, in part payment of a lot of land, the title for
which was made to Virginia A. Hutchinson, the wife of said
Charles Y., and upon which it was alleged, a lien was retained, to
secure the payment of the purchase money.   A copy of the
deed, made by the vendor to Mrs. Virginia A. Hutchinson,
was attached to the petition, and made a part thereof, which
contained the following clause, viz: "I further covenant that
"the aforesaid granted premises are free from all manner of
"incumbrances, charges or liens whatsoever, excepting that the
"said Joseph Guichard has a lien upon the before described
"property, until the aforesaid two notes, described in this

"instrument, are paid, to the effect that the said property "cannot be sold, or disposed of in anywise, until the payment "of said notes are made." Petition prayed for judgment on the note, against Charles Y. Hutchinson; and that the lien against the land be foreclosed, and the same be decreed to be sold to satisfy the judgment. Plaintiffs in error answered separately; but it is unnecessary to refer to the matters of defence, except that set up in their special pleas, in which, in substance, they said, that said Virginia A. was not present at the contract for the purchase of the lot of land described in the deed, or consulted with reference to the terms of the sale, or conveyance to her; and that she was not privy to, or connected with the note sued upon; but that said Charles Y. Hutchinson, being indebted to her, for money advanced out of her separate property, made a special agreement with said Guichard, that he was to look to said Charles Y. alone for the payment of said notes, and that the conveyance of the land should be made directly to said Virginia A., without any other condition, except that contained in the deed, viz., to the effect that said land should not be sold, until the purchase money was paid; but this condition of the deed, was not to be treated, by the payee of the notes, as any authority to sell the land, or hold it as a security under the vendor's lien, or otherwise bind it; that said Virginia A., accepted said deed upon these terms, and with these reservations as to the lien therein contained, and had since continued to occupy it as a homestead; and that they had not sold, or attempted to sell or dispose of said land; that said plaintiffs were fully advised of the terms of said reservation of said lien in said deed, by actual notice, at the time said note was transferred to them. To these answers, the plaintiff below excepted, and the exception was sustained by the court.

*Stewart* and *Hutchinson*, for plaintiffs in error.

*Parker* and *Nichols*, for defendants in error.

WHEELER, CH. J. There manifestly is no error in the

judgment. It cannot be pretended, that the answer of the husband disclosed any defence to the action, as against himself.

In so far as the answer of the wife asserts a contemporaneous agreement, with the giving of the notes and making of the deed, that the payee of the notes was to look to her husband, and not to herself, for their payment, it is to be observed, that the plaintiff could not, nor does he seek, to attach any personal liability to her upon the contract, to which she was not a party. But if it be intended to set up a contemporaneous agreement, or understanding, that he was not to look to the land for the payment of his debt, it is in plain contradiction to the express terms of the deed which she accepted, and under which she holds. It requires neither argument, nor a reference to authorities, to support so plain a proposition, as that this could not be done.

Nor is it necessary to notice other matters, sought to be raised in argument, but which are not presented for revision, by the record. The judgment is affirmed.

Judgment affirmed.