## RICHARD E. STRATTON v. JAMES J. GOLD.

1. REAL ESTATE: VENDOR AND VENDEE: VENDOR'S LIEN: RIGHT OF ASSIGNEE TO ENFORCE.—The assignee of a note, the consideration of which is the purchase of real estate, cannot enforce the vendor's lien, where the vendor has conveyed the land absolutely, and has not retained the lien, either by mortgage or otherwise.

2. REAL ESTATE: VENDOR AND VENDEE: VENDOR'S LIEN: WHEN ASSIGNEE MAY ENFORCE.—The assignee of a note given for the purchase of real estate, can maintain a bill to enforce the vendor's lien against the original purchaser, where the land has been conveyed by deed, reserving the vendor's lien for the payment of the purchase-money.

3. SAME : CASE IN JUDGMENT.—P. sold to G. certain real estate, and executed his deed, which reserved "the lien on the described and granted premises for the faithful and full payment of the several notes described therein, with all interest." P. transferred the notes to S., " with the lien retained by him on the lands

therein specified." Held—That S. can maintain a bill to enforce the vendor's lien against G.

4. VENDOR'S LIEN : BILL TO ENFORCE, MAY BE MAINTAINED BEFORE REMEDY AT LAW PURSUED.—It is not necessary to pursue and exhaust the remedy at law upon the notes given for the purchase-money of real estate, before filing a bill to enforce the vendor's lien.

APPEAL from the Circuit Court of Hinds county. Hon. John Watts, judge.

*T. J. & F. Wharton* and *F. Anderson*, for appellant.

*Johnston* and *Johnston*, for appellee.

HANDY, C. J., delivered the opinion of the court.

This was a bill in equity, filed by the appellant, to enforce a *vendor's lien* on a tract of land, upon the following state of facts :

In December, 1858, one Putnam sold and *conveyed* the tract of land to the appellee, in fee, for the sum of $22,000. The deed states this sum as the consideration, and that $7,000 of it was paid in cash to Putnam, and that three several notes for $5,000 each, were executed by the appellee, and payable to Putnam or bearer, one due on the 1st day of January, 1860, another for a like sum, due 1st January, 1861, and a third for a like sum due 1st January, 1862, and each bearing eight per cent. interest from date. In the body of the deed is the following clause : " Reserving to ourselves " (that is, Putnam and wife, the grantors) " and our heirs the statutory lien on said described and granted premises, for the faithful and full payment of the three several notes for $5,000 each, before mentioned, together with all interest due thereon." The deed was duly registered in December, 1858. In January, 1862, Putnam, for a valuable consideration, assigned and delivered two of said notes to the appellant, to wit, those payable January 1, 1861, and January 1, 1862, and indorsed on said notes the following assignments, to wit : " For value received, I hereby transfer to R. E. Stratton the within note, it being one of the

notes described in my deed to J. J. Gold, for certain lands in Hinds county, Mississippi, dated 18th December, 1858, together with the lien retained by me on the lands therein specified, this 11th January, 1862.    W. W. Putnam."

The bill is filed by the appellant, as assignee of the notes, and the appellee filed a demurrer, which was sustained, and hence this appeal was taken.

The only question in the case is, whether the assignee of a note, given for the purchase-money of real estate, can maintain a bill to enforce the vendor's lien against the original purchaser, where the land has been conveyed to him by deed containing a clause reserving the vendor's lien for the payment of the purchase-money.

It is settled law in this State, that the assignee cannot assert the lien where the vendor has conveyed the land absolutely, and has not *expressly* retained his lien, either by mortgage or otherwise.    But the question here presented has not been expressly decided by this court.

In the cases where the vendor has made an absolute conveyance, without any express reservation, and has assigned the notes, there appear to be two considerations that have led to the adoption of the rule, that the lien is not transferred to the assignee.    The first is, that the assignment shows that the vendor has received payment of his money, which the lien was intended to secure to him as a personal right; and the other is, an unwillingness to extend such implied and secret liens beyond the security of the vendor, because it might tend to embarrass the right of disposition of the vendee by giving countenance to secret liens upon the property.    The former of these reasons is now settled in this court not to apply to a case where the vendor has merely executed a bond to convey title, and has assigned the note for the purchase-money; in which case, it is held, that the assignee may assert the vendor's lien; and the latter appears not to be applicable to cases where the lien is retained by express contract, and in a manner to give notice to any purchaser from the vendee.

The reason on which the vendor, who has merely given a

bond to convey title, is held to have the right to transfer his lien by an assignment of the note for the purchase-money, is, that he retains the title to the land, and, of course, can claim payment before he can be required to convey; and there is no difference in principle between that case, and the case of a vendor who has conveyed by deed, but has expressly reserved on its face his lien for the purchase-money. As to the immediate parties—vendor, vendee, and assignee—the reason and equity are the same; and as to the vendee, and those purchasing from him, no prejudice can arise to them; for the express reservation in the deed gives notice of the claim of the vendor as fully as if the debt had been secured by a formal and regular mortgage.

The ground on which, in most of the cases, the right of the assignee has been denied when there was an absolute right of conveyance is, that the vendor's right is but an *implied* lien, which should not be extended. But here the lien is, by *express* contract, made in the mode best calculated of all others to give notice to subsequent purchasers, in the deed to which all purchasers must refer. It is an *express* condition, without the performance of which a perfect title does not vest in the vendee. It is, therefore, clearly an equitable mortgage, of which every one is bound to take notice, and it can, therefore, work no injury either to the vendee or to subsequent purchasers from him.

This case is stronger in favor of the right of the assignee than that of *Eskridge* v. *McClure and Walker*, 3 Yerger, 84. There the land was conveyed by deed; and, on the face of the bond given for the purchase-money, there was a written memorandum, that the land was to be liable for the purchase-money. That was held to be an equitable mortgage, and the assignee of the bond was held entitled to enforce the vendor's lien in virtue of the assignment of the bond to him. And that case is referred to with approbation by this court in *Briggs* v. *Hill*, 6 How. 362. Here the lien is retained in the very deed which conveyed title to the vendee, which must necessarily be recorded, and of which every purchaser must take notice; and, for all the reasons upon which equitable rights in such cases are founded,

it appears to differ in no substantial respect from a technical mortgage. It contained the express contract of the parties, and was shown in such a way that all persons were bound to take notice of it. In principle, and as to the substantial rights of the parties, it does not differ from a technical mortgage; and in case of such a mortgage, it is held that a legal transfer of the note secured is an assignment of the mortgage. In addition to this, the lien reserved in the deed, in this case, is expressly assigned by the indorsements on the notes.

But little importance is to be attached to the particular term " *statutory* lien" employed in the deed. There is no such " statutory" lien in our laws ; and it is evident that the draughtsman of the instrument meant the *vendor's lien*, which he may have supposed was secured by statute. This is apparent from the other language used, which is, that the thing reserved is " the statutory lien on the described and granted premises, for the faithful and full *payment of the notes* " given for the purchase-money. It is clear that the term employed is surplusage, which should not affect the reservation.

It is further objected in the demurrer, that the appellant had not pursued and exhausted his remedy at law on the notes before filing his bill. This is not necessary under the course of proceeding settled in this State, especially in the case of an express equitable mortgage.

The decree sustaining the demurrer must be reversed, the demurrer overruled, and the cause remanded, and the appellee required to answer in thirty days.