MARSHALL SMITH v. OSCAR F. ROWLAND, *et al.*

1. VENDOR'S LIEN *for Purchase-Money; Contract.* A vendor's lien on real estate for unpaid purchase-money may be created by the express contract of the parties at the time of the sale and conveyance of such real estate.

2. ——— Where the parties insert provisions in the deed of conveyance, and in the promissory note given for the unpaid purchase-money, stipulating for a vendor's lien, such lien is thereby created.

3. ——— *Remedy of Vendor.* The vendor may commence an action to enforce such a lien without first exhausting his remedy against the personal estate of the vendee; and neither is the vendor bound to show that the vendee has no personal property subject to execution.

*Error from Osage District Court.*

ACTION to enforce a vendor's lien on lands sold by *Smith* to the *Rowlands,* created by contract between these parties. The petition set forth the deed and note evidencing the contract. The *Rowlands* had sold and conveyed the land, and it was held by several different parties, all of whom were joined as co-defendants. The defendants demurred. Trial

on the demurrer, at the April Term 1873 of the district court, and judgment in favor of the defendants. *Smith*, plaintiff, brings the case to this court on error.

*James Rogers*, for plaintiff:

1. The defendant contends that a vendor's lien at common law is not recognized in this state, and that this lien is the same as a vendor's lien at common law. While the plaintiff admits the first proposition, he claims that a lien may be reserved in a deed, and may be enforced in a court of equity in like manner as a lien created by a deed of trust, or deed of mortgage; in short, that a mortgage-deed or deed-of-trust is nothing but an equitable lien created by contract in writing. A mortgage is defined as "a mere security creating a lien upon property, but vesting no title whatever either before or after condition broken." (*Chick v. Willetts*, 2 Kas., 384.) The lien reserved in this deed is precisely of this nature, and may correctly be defined as a mere security in the nature of a lien upon the deeded property. In the above case the court states that the common-law attributes of mortgages have been set aside; but for all that, the intention of the parties may still be enforced. In the case of *Simpson v. Mundee*, 3 Kas., 172, it nowhere appears that a lien may not be reserved in a deed, or created by contract. It is simply asserted in that case that no liens are created by implications of law, but the case says nothing of liens arising out of the contract of the parties. The lien there spoken of is described as an "impalpable entity," a "protean quality," an "ethereal essence." This certainly is not this lien which arises out of the plain language of the conveyance, and is easily understood by any man of ordinary intelligence.

2. There is no force in the position of the defendant, that the plaintiff must show that he has exhausted his remedy against the personal estate of his vendee, or that he has no personal estate out of which the claim can be made, even conceding this to be true in a proceeding to enforce a lien at

common law, which we very much doubt. *Sparks v. Hess*, 15 Cal., 186.

*Ellis Lewis*, for the defendants:

1. The deed of plaintiff Smith to the Rowlands was made in Illinois, but the land conveyed lies in Kansas. The contract therefore is a Kansas contract, and governed entirely by Kansas laws. When Smith in his deed to the Rowlands reserved a "vendor's lien" he attempted to reserve what the counsel for plaintiff denominates a "vendor's lien at common law," for he must necessarily go to the adjudicated cases of other states, defining the vendor's lien and prescribing its mode of being enforced, (which this court has decided have no force or authority here,) to ascertain what rights he acquired by his reservation of a "vendor's lien."

The plaintiff asks that the law of vendor's lien as administered in England and in some of the United States shall be administered here — because he has in terms reserved a vendor's lien in his conveyance to the Rowlands. We understand the decisions of this court to go to the bottom of this subject of vendor's lien, and not to the surface, as counsel for plaintiff in error contends. His construction of the decisions is, that where an absolute deed on its face shows that a portion of the purchase-money is unpaid, and there is no specific reservation of the vendor's lien in the deed, then the vendor acquires or retains no such lien, but where in addition to this the vendor specifically reserves a "vendor's lien" then that the law of vendor's lien as administered in England will be administered here to define the vendor's rights and afford him his remedy. Then, if the grantee at the time of the purchase has not sufficient personal property out of which the purchase-money can be made, the land is liable to the lien. If he shall acquire a sufficiency for that purpose, then the land is freed from any liability to the lien. But if insolvency shall return then the liability returns. (*Simpson v. Mundee*, 3 Kas., 172.) When specifically named and reserved as a "vendor's lien," by the vendor, the vendor's lien, (which by this court

in 3 Kas., 184, is described as "an impalpable entity, a protean quality, an ethereal essence which no man can graphically describe, and of which few can have anything like a clear conception,") becomes a palpable entity, capable of description and conception, and the nature of the whole thing becomes changed. The plaintiff's "reservation" is void for vagueness and uncertainty; and whether he claims a vendor's lien by reason of the non-payment of the purchase-money, with notice to the defendants of its non-payment, or because he has contracted for an impalpable entity, makes no difference. It was not the question in *Simpson v. Mundee*, whether the parties *had contracted for a vendor's lien*, but whether any such thing was recognized in this state, and whether the law of "vendor's lien" as administered in England would be administered in like manner in this state — whether, if a party purchased a piece of real estate free from any lien at the time of his purchase it should subsequently, by the insolvency of another party, become subject to a lien — whether the question, of whether there was a lien, should be a matter of secresy, obscurity and doubt, and metaphysical disquisition, and the transfer of real estate be impeded thereby. The general policy of our real-estate laws is to require everything concerning the title to, or rights in it to be in writing. Secret trusts are discountenanced. (3 Kas., 184.) Do not the same evils result whether this court holds that a "vendor's lien" results from nonpayment of purchase-money with notice of nonpayment to third parties, or whether parties create it by so many words? It is its vagueness, the inherent difficulty of justly enforcing a vendor's lien, its changing and secret character, its essential conflict with the policy of our real-estate laws, not that the parties had contracted for it, that led this court to decide that the law of vendor's lien as administered in England is not necessarily a part of the law of this state.

2. Conceding the position of plaintiff, that plaintiff reserved a "vendor's lien" which would be enforced, a bill filed to enforce such a lien must show that the plaintiff has exhausted his remedy against the personal estate of his vendee, or that

he has no personal estate out of which the claim can be made; and judgment for a sale under the lien in the first instance, unless the record shows that the vendee has no personal property, is erroneous. In this case there is no allegation in the petition on this point. 12 Ind., 410; 2 Md., 137; Leading Cases in Eq., 366.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case are as follows: *First*, Can a vendor's lien on real estate for unpaid purchase-money be created by the express contract of the parties at the time of the sale and conveyance of such real estate? *Second*, And if so, was any such lien created in the present case? In the present case a deed of conveyance was executed for the land, and a promissory note was given for the unpaid purchase-money. The substance of the deed, so far as it has any application to this case, was, that Marshall Smith sold and conveyed to Oscar F. Rowland and John· T. Rowland certain lands in Osage and Linn counties, subject to a vendor's lien for the payment of the unpaid purchase-money. That portion of the deed intended to create said vendor's lien follows immediately after the description of the property conveyed, and is expressed in the following language, to-wit: "Subject however to a vendor's lien upon all the above-described premises, which is hereby reserved to the said Marshall Smith to secure the payment of part of the purchase-money, according to the tenor of the promissory note of the parties of the second part of even date herewith, for the sum of thirteen hundred, thirty-three and 33-100 dollars, payable to the said Marshall Smith or order five years after date with ten per cent. interest per annum from maturity until paid." This deed was dated March 12th, 1867, and was duly recorded in Osage county, June 1st, 1869. The promissory note above described reads as follows:

"$1,333.33. JACKSONVILLE, Illinois, March 12th, 1867.

"Five years after date we promise to pay Marshall Smith, or order, thirteen hundred and thirty-three and 33-100 dol-

lars, value received, with ten per cent. interest per annum from maturity until paid. This secured by vendor's lien reserved in deed of date from payee and wife to us of 406 93-100 acres of land in Osage and Linn counties, Kansas.

"Oscar F. Rowland.

"John T. Rowland."

We know of no reason why the vendor's lien attempted to be created by the stipulations contained in said deed and note should not be held legal, valid and binding. It is true, under the decisions in this state (*Simpson v. Mundee*, 3 Kas., 172; *Brown v. Simpson*, 4 Kas., 76,) no vendor's lien can be created by mere operation of law, or by mere force of any rules of equity, where the deed is absolute upon its face, and apparently contradicting all idea of any supposed vendor's lien; but no decision has ever been rendered that we are aware of, in this state or elsewhere, affirming that the parties to a sale and conveyance of real estate cannot if they choose create by contract a valid vendor's lien. The vendor's lien in the present case is no "mere creature of a court of equity." It is no "secret trust." It is not against public policy. It is not "against the general policy of our real-estate laws," or registry laws, or any other laws, either in letter or spirit. And it is no more an "impalpable entity," a "protean quality," an "ethereal essence," or an "indescribable myth," than any other mere lien upon real property. It is as tangible and as substantial as any other mere lien, and is as fair and reasonable in all its terms and conditions as any other lien founded upon a pledge of property for the payment of a debt. It was created by the parties themselves, in writing, and was placed in the deed itself that conveyed the land, so that when the deed should be recorded it would be notice to all the world and especially to subsequent purchasers and mortgagees. (Gen. Stat., 187, § 20.) Vendors' liens have not been wholly abolished in Kansas. (*Stevens v. Chadwick*, 10 Kas., 406.) And neither have all equitable liens been abolished. (*Seibert v. True*, 8 Kas., 52; *Seibert v. Thompson*, 8 Kas., 65, 73.) And there is certainly no statute that either expressly or impliedly prohibits parties from creating vendors' liens by express contract. Therefore

we think parties may so create vendors' liens, and that a vendor's lien has been so created in the present case. (*Hutchinson v. Patrick*, 22 Texas, 318; *Stratton v. Gold*, 40 Miss., 778; *Bear v. Whistler*, 7 Watts, (Pa.) 144; *Carpenter v. Mitchell*, 54 Ill., 126; *Harvey v. Kelly*, 41 Miss., 490; *Dunning v. Stearns*, 9 Barbour, 630.)

The claim that the vendor in the present case cannot commence his action to enforce his vendor's lien until he has first exhausted his remedy against the personal estate of the vendee is not tenable; and neither is the vendor bound to show that the vendee has no personal property subject to execution. (See authorities above cited, and *Sparks v. Hess*, 15 Cal., 186, 193.) Whatever may have been the rule where the lien was created merely by implication of law, and not by contract, can make no difference in this case, for in the present case the lien was created by *express contract* upon the *specific property* against which the vendor now seeks to have the lien enforced.

The judgment of the court below is reversed, and cause remanded for further proceedings.

All the Justices concurring.