RICHARD HOBSON v. REBECCA EDWARDS.

1. VENDOR AND VENDEE. *Express lien. How reserved.*
   An express lien on land, which will not be lost by assignment, can be reserved in the note for the purchase-money.

2. MARRIED WOMAN. *Conveyance. Separate estate.*
   If a wife's land is bargained in part consideration for land deeded her husband, her subsequent conveyance thereof to a vendee of her husband's grantor binds her, although she devotes the price to pay the balance due from her husband to such grantor.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

The appellant, who conveyed land to W. H. H. Green, for which the land in controversy, then the estate of Mrs. Green, was to be taken in part payment, prior to a conveyance to him, sold it to the appellee, and, to save expense, had Green and his wife make a deed directly to her, reserving no lien and reciting that the consideration had been paid. The appellee paid the appellant the cash part of the price, and, in pursuance of an understanding with him, executed to Mrs. Green her note for the balance, reserving a lien on the land in controversy therein described. Mrs. Green, with her husband, in pursuance of the understanding, indorsed the note to the appellant, who filed this bill, to which the appellee answered that the note was without consideration and unsecured by lien.

*Nugent & McWillie,* for the appellant.

1. The appellant, who was the appellee's vendor, was entitled to the lien, although he was not her grantor. *Holloway* v. *Ellis,* 25 Miss. 103 ; *Russell* v. *Watt,* 41 Miss. 602 ; *Rutland* v. *Brister,* 53 Miss. 683. The fact that the note was payable to Mrs. Green was open to explanation.

2. The conveyance by Green and wife is good. She had a right to sell her separate property, and give her husband the benefit of the conveyance. The appellee's title is valid, and she cannot impeach her note for want of consideration.

*Shelton & Shelton,* for the appellee.

1. The note being payable to Mrs. Green, and executed to secure her, the appellant has no lien. *Rutland* v. *Brister,* 53 Miss. 683 ; *Patterson* v. *Edwards,* 29 Miss. 67. As none was reserved in the deed, Mrs. Green's lien was lost by indorsing the note to the appellant. *Skaggs* v. *Nelson,* 25 Miss. 88.

2. Mrs. Green's deed to the appellee was made in payment of the balance which her husband owed the appellant for other land, and is, under Code 1871, § 1778, not binding on the wife beyond the amount of her income. *Klein* v. *McNamara,* 54 Miss. 90. The appellant, who has failed to comply with his contract by making a good title, cannot enforce the note. *Rutland* v. *Brister,* 53 Miss. 683.

CAMPBELL, J., delivered the opinion of the court.

The complainant had an express lien on the land by virtue of the stipulation of the note for the purchase-money, that it should be a lien on the land. *Baker* v. *Field*, MS.; *Eskridge* v. *M' Clure*, 2 Yerger, 84; *Osborne* v. *Royer*, 1 Lea (Tenn.), 217. Being an express lien by contract, and not a vendor's lien, it attended the note in its transfer, and was not lost by its assignment. *Stratton* v. *Gold*, 40 Miss. 778.

The complaint of the defendant, that she did not acquire title to the land by the conveyance of Mrs. Green and her husband, because Mrs. Green might at any time avoid the conveyance as one made for the separate debt of her husband, is unfounded. The consideration of her conveyance was the payment to Hobson of part of the purchase-money of the land conveyed, and the note of the appellee for the remainder, payable to Mrs. Green. It was competent for Mrs. Green to devote the price of the land, when paid, to any use which she approved; and it was devoted to her own use in this transaction, as the land conveyed by Hobson to her husband, and paid for by her, in part, by her conveyance of the land in controversy to the appellee, was held by her husband, *pro tanto*, " only as trustee for her use." Code 1857, p. 336, art. 24. Upon the facts presented by this record, Mrs. Green cannot successfully assail the title vested by her conveyance in the appellee.

*Decree reversed and decree here for the appellant.*