# CHARLESTON.

CRIM *v.* HOLSBERRY *et al.*

Submitted September 9, 1896—Decided Dec. 9, 1896.

MAINTENANCE BOND—ACCRUAL OF ACTION.
Where land is conveyed in consideration of a maintenance
bond for the support of the grantors, by which the grantees bind
themselves to support the grantors in their families on the land
conveyed, no right of action accrues to the grantors, either against
the grantees or the land, if any exists, until the grantees fail to
perform their covenant and undertaking, as set forth and stipu-
lated in their bond.

J. HOP. WOODS for appellant, cited 39 W. Va. 579; 30 W.
Va. 504; 33 W. Va. 202, 209, 217, 218; 38 W. Va. 409, 6th
point syl.; Code c. 129, s. 4; 86 Va. 410; 10 W. Va. 298; 12
W. Va. 214.

W. T. ICE for appellee, cited 39 W. Va. 579; Code c. 139, s.
7; 33 W. Va. 197.

DENT, JUDGE:

In the chancery case of J. N. B. Crim against U. F. Hols-
berry *et al.*, J. A. Bishop, a judgment creditor, defendant,
appeals from a final decree confirming the commissioner's
report executing an order of reference, ascertaining and fix-
ing the liens and their priorities, and directing a sale of the
lands of defendant U. F. Holsberry. Numerous errors are
assigned. No exception was taken to the commissioner's
report for want of proper notice or the allowance of taxes
as a lien on the land. Therefore, as to these matters, the
report must be taken as conclusive, as they might be affect-
ed by extraneous testimony. *Kester* v. *Lyon*, 40 W. Va.
161 (20 S. E. 933). No objection was made to the filing of
the answers of William and Rebecca Holsberry, or contin-

uance asked by reason thereof, or to the hearing of the cause thereon. It is now too late to set up such complaint in this Court. *Findley* v. *Findley* (decided at this term) 42 W. Va. 372.

Orlando and Dora B. Johnson were not necessary parties to this suit. They purchased their land from U. F. Holsberry, and had their deed recorded long before the land was liable to the judgment of appellant, and therefore have both legal and equitable rights prior to appellant's; and he could not have the liens prior to his lifted from the remaining lands of U. F. Holsberry onto their lands for his benefit. On the contrary, they would have the right to have all existing liens and charges shifted from their land onto the remaining lands, for their relief and protection.

Appellant filed but one exception to the commissioner's report, and this is to the allowance of the charge on the lands of U. F. Holsberry in favor of William and Rebecca Holsberry, respectively, for their life-maintenance, amounting to the sum of one thousand six hundred and sixty six dollars and twenty two cents, which exception was overruled by the court, and the amount decreed a lien on the land. The law is well settled that an implied equitable lien does not exist in favor of a vendor of real estate to secure the consideration therefor when such consideration is the maintenance and support of the grantors during life. *McCandlish* v. *Keen*, 13 Gratt. 615; *Brawley* v. *Catron*, 8 Leigh, 522; *Arlin* v. *Brown*, 44 N. H. 102; *Hiscock* v. *Norton*, 42 Mich. 320 (3 N. W. 868); *McKillip* v. *McKillip*, 8 Barb. 552; *Chase* v. *Peck*, 21 N. Y. 581; *Meigs* v. *Dimock*, 6 Conn. 458; *Hobson* v. *Edwards*, 57 Miss. 128; 1 Perry, Trusts, § 235; 28 Am. &. Eng. Enc. Law, 165. In the case of *Peters* v. *Tunell*, 43 Minn. 473 (45 N. W. 867) the reason given is "that the court can not accurately ascertain and define the amount of the charge to be imposed." "What was required to be done was contingent and uncertain, depending upon future events, impossible to be calculated or ascertained, and this uncertainty as to what was to be done would continue indefinitely." A person conveying real estate may create a lien thereon, and charge the same with his support and maintenance by express words, showing his intention to charge the land. *McClure* v. *Cook*,

39 W. Va. 279 (20 S. E. 612). The deed must be considered as a whole, and, if the language used is sufficient to show that it was the intention of the grantors to make the consideration a charge thereon, it becomes the duty of equity to enforce the same, even as against creditors. The only language in the deed under consideration relating to the matter in controversy is as follows, to wit: "That for and in consideration of a maintenance bond which the parties of the second part hath this day executed to the parties of the first part, the receipt whereof is hereby acknowledged, the said James K. and Ulysses F. Holsberry, bind themselves to maintain the said William and Rebecca Holsberry during their lifetimes in their families, for which the parties of the first part doth this day convey to the parties of the second part all of a certain tract or parcel of land," *etc.* Now, there is nothing in this language whatever to show an intention on the part of the grantors to charge their support and maintenance on the land. Neither is the possession reserved nor the right to dispose of the same withheld without the consent of the grantors, as in the case of *McClure* v. *Cook*, before cited. But it is an absolute conveyance, without reservation, in consideration of a maintenance bond, in which the grantees bind themselves individually for the support of the grantor. The bond referred to is produced, and is in these words, to wit: "Article of agreement made and entered into this 17th day of December, 1881, between James K. Holsberry and Ulysses F. Holsberry, of the first part, and William Holsberry and Rebecca Holsberry, his wife, of the second part, all of the county of Barbour and state of West Virginia, witnesseth: That, for and in consideration of a deed for a certain tract of land deeded to them this day, the parties of the first part bind themselves to maintain the parties of the second part in their families, on the farm on which the aforesaid William Holsberry now resides. Witness the following signatures and seals, this 17th day of December, 1881. James K. Holsberry. [Seal.] Ulysses F. Holsberry. [Seal.]" This is nothing more than a bond binding the parties individually to support the obligees on the land in controversy. It does not in any wise bind or show an intention to bind the land,

but is evidence of perfect confidence in the personal integrity and ability of the obligors to fulfill their contract. Nor is there an allegation in the pleadings that the obligors have failed to perform their covenant and undertaking, and certainly in no event could the grantors charge the land with their maintenance until it is shown that the grantees have failed to carry out their obligation. If the grantors have any right to charge the land at all, it is contingent on the failure of the obligors to carry out their contract; and it was perfectly erroneous for the circuit court to decree in their favor, on the mere assumption that such contingency would arise in the future from the fact that a portion of the land was about to be sold to satisfy liens thereon. The grantors were guilty of no *laches*, for it is not shown in allegation or proof that their right to sue has yet accrued, or will ever accrue. That they have a life estate in the land is not pretended. That they have the grantees individually bound for their maintenance is fully established. But that they have any present right to charge the land with their maintenance is not shown. For the reasons aforesaid, the bill should have been dismissed as to them, as it shows no grounds of action against or in them.

The decree complained of will be reversed in so far as it allows to William Holsberry and Rebecca Holsberry the two sums of eight hundred and thirty three dollars and eleven cents, respectively, aggregating the sum of one thousand six hundred and sixty six dollars and twenty two cents, and they will be dismissed from the suit, at the plaintiff's costs; and in all other respects the decree will be affirmed, with costs to appellant, and case remanded for further proceedings.