# CHARLESTON.

CUMBERLEDGE v. CUMBERLEDGE *et al.*

Submitted June 13, 1912.   Decided October 7, 1913.

1. DEEDS—*Consideration—Verbal Contract.*
    Although a deed of grant recites as consideration therefor "one dollar in hand paid", a prior verbal agreement between the parties thereto for maintenance and support, when properly pleaded and sufficiently proved, will be deemed and held the actual consideration for the grant.   (p. 774).

2. APPEAL AND ERROR—*Decree—Conflicting Evidence.*
    A decree based upon conflicting evidence, unless apparently erroneous, will not be disturbed on appeal therefrom.   (p. 774).

Appeal from Circuit Court, Doddridge County.

Bill by George Cumberledge against Godfrey G. Cumberledge and others.   From a decree for plaintiff, the defendant named appeals.

*Affirmed.*

*J. V. Blair* and *Homer Strosnider,* for appellants.

*G. W. Farr,* for appellee.

LYNCH, JUDGE:

The plaintiff, a man about seventy-five years old, his wife, Lucretia, being about the same age, both infirm and physically unable to endure labor, on December 1, 1906, conveyed 190 acres of land owned by him to a young and remote kinsman, at the time unmarried, in consideration of maintenance and support of the grantors during their lives.   The deed of grant does not recite the real consideration: it recites only "one dollar cash in hand paid, the receipt of which is hereby acknowledged."   But the bill alleges that on November 15, 1906, the plaintiff and defendant entered into a verbal contract, whereby plaintiff agreed to convey his land to defendant, and the latter to live in plaintiff's home and fully support him and his wife during the period stated and at the demise of each of them to provide proper interment, etc., fully setting out in detail what the latter

should do; and that the grant was made accordingly. While the defendant in his answer to the bill, which seeks cancellation of the deed and other general relief, denies the agreement, and asserts that the real consideration was prior services rendered plaintiff, yet in his testimony taken in the cause and read on final hearing he substantially admits the averments relating to the agreement; that it was in fact the real consideration, and that plaintiff promptly paid him cash in full for all services rendered prior to its date. That such an agreement is a sufficient consideration for the deed is held in *Wilfong* v. *Johnson,* 41 W. Va. 283.

As the circuit court found for defendant on all the charges of the bill upon which relief is sought, except abandonment of the premises by defendant and his failure to comply with the obligations assumed by virtue of the agreement, our investigation is properly limited to the one inquiry: whether the decree of cancellation pronounced in this cause on November 28, 1910, and from which defendant appealed, is erroneous.

The defendant admits that he quit the home of the plaintiff, but denies that he intended thereby to avoid performance of any obligation toward the grantors assumed by him as a consideration for the land. On the contrary, he seeks to excuse his absence from the home, and his failure to comply with the contract, because of the conduct of the female grantor toward his wife, whom he married and took with him to plaintiff's home—as he charges, with the assent of both grantors, and with whom they lived harmoniously until the attitude of plaintiff's wife toward his wife became so intolerable that he was obliged to move and seek a home for the latter elsewhere; and he claims that he moved with plaintiff's consent.

Plaintiff perhaps assented, at least did not object, to defendant's marriage subsequent to the date of the grant, and his joint occupancy thereafter of plaintiff's home. But within a few weeks the strife arose, apparently to the discomfort and annoyance of both plaintiff and defendant, who, by reason thereof finally concluded that the latter should live elsewhere, and, inferentially at least, that they should consider the agreement for support terminated. This much is certain, that, pursuant to this arrangement, defendant in fact moved from the

land, and that thereafter he did nothing by way of compliance with his undertaking. His failure to comply he attributes to plaintiff's rejection of his repeated offer to perform his part of the original agreement. By its decree, the circuit court evidently found for plaintiff on the evidence touching this feature of the defense. We are unable to say it erred in its conclusion, at least that error is clearly apparent. There is conflict in the testimony, the witnesses for each litigant directly contradicting the statements of those testifying for the other, especially upon the important issues. While different minds, equally impartial and capable, might, upon a careful analysis, reach different conclusions, we think the evidence is amply sufficient to sustain the finding expressed by the circuit court in its decree. The general rule is that the holding of a circuit court or other inferior tribunal upon conflicting evidence will not be disturbed on appeal unless plainly erroneous. *Naughton* v. *Taylor,* 50 W. Va. 233; *Frederick* v. *Frederick,* 31 W. Va. 566; *Reger* v. *O'Neal,* 33 W. Va. 159; *Bartlet* v. *Cleavenger,* 35 W. Va. 719; *Dorr* v. *Dewing,* 36 W. Va. 466. See also *Shaffer* v. *Shaffer,* 51 W. Va. 126.

That relief in equity in such cases may be granted, though this is not now questioned by the defendant, clearly appears from *Wilfong* v. *Johnson, supra; Goldsmith* v. *Goldsmith,* 46 W. Va. 426; *Fluharty* v. *Fluharty,* 54 W. Va. 407; *White* v. *Bailey,* 65 W. Va. 573; *Wampler* v. *Wampler,* 30 Gratt. 454; *Lowman* v. *Crawford,* 99 Va. 688.

For the reasons stated, we affirm the decree.

*Affirmed.*