# THE SUPREME COURT

OF THE

# STATE OF NEVADA

## APRIL TERM, 1917

[No. 2257]

EMMA G. KEENAN, APPELLANT, v. WILLIAM M. KEENAN, RESPONDENT. SALT LAKE BREWING COMPANY (A CORPORATION), ET AL., DEFENDANTS.

[164 Pac. 351]

1. DIVORCE—JUDGMENT—CONSTRUCTION.

In a suit instituted in a foreign state other than the state of her husband's residence and in which he had no property a wife secured a decree of divorce. *Held*, that such decree, though treated as one *in rem*, dissolving the bonds of matrimony, has no binding effect *in personam* against the defendant husband, though he was personally served with process in the state of his residence, for such service did not bring him within the jurisdiction of the foreign court.

2. DIVORCE—ALIMONY—DIVISION OF PROPERTY—STATUTE.

Rev. Laws, 2166, declares that in case of the dissolution of the marriage the community property must be equally divided between the parties, and the court granting the decree must make such division as the nature of the case may require, provided that when the decree is rendered, on the ground of adultery or extreme cruelty, the party found guilty is entitled only to such portion of the community property as the court granting the decree may, in its discretion, deem just and allow. A wife secured in a foreign state a decree divorcing her from her husband, who was a resident of the State of Nevada, in which state the community property of the parties was situated. *Held*, that she could not thereafter maintain an independent action in the Nevada courts to secure a division of the community property pursuant to the statute; the statute having reference only to the court granting the divorce.

3. JUDGMENT—PROCESS—SERVICE—VALIDITY.

Process cannot run beyond the borders of the state, and a constructive service by publication or personal service on a nonresident will not support a decree *in personam*, though it may support a decree affecting property within the state where process is issued.

4. JUDGMENT—FOREIGN JUDGMENT—ACTIONS UPON.

While an action may be maintained in one state on a judgment or decree rendered in another, such judgment must be valid, and it will support no action where rendered against a nonresident, who was not served within the state and did not appear.

5. JUDGMENT—SERVICE OF PROCESS—SUBSTITUTED SERVICE.

A judgment on substituted service of summons is enforceable only on the property within the state out of which summons is issued.

6. DIVORCE—ACTIONS—DIVISION OF PROPERTY.

Where a wife procured a judgment of divorce in a foreign state other than Nevada, of which her husband was a resident, she cannot, on the ground of the liberality of the Nevada divorce laws, maintain an action for the division of community property situated in Nevada, for she might properly have maintained her suit in Nevada.

7. APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

The dismissal of an action without affording plaintiff an opportunity to amend cannot be complained of, where there was no application for a modification of the order or for time to amend.

8. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

Where plaintiff's complaint was based on a record of a judgment rendered in a foreign state, the sustaining of a demurrer and dismissal of the complaint without affording an opportunity to amend was harmless, though contrary to the better practice, for an amendment could not change the record.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden*, Judge.

Action by Emma G. Keenan against William M. Keenan and others. From a judgment for defendants, plaintiff appeals. **Affirmed.**

*Paul Pizey,* for Appellant:

The statute provides that upon the granting of a divorce the community property shall be divided equally. (Rev. Laws, 2166.)

The complaint in partition must be recognized as

stating a cause of .action, whether the State of Nevada recognizes appellant's decree of divorce or not. The decree finds that respondent refused to support appellant and her children, and that he advertised in the newspapers that he would not support them. Such an allegation is of the strongest kind that respondent failed to furnish support for appellant and the children. This is admitted by the demurrer, as it admits all matters that are properly pleaded.

*J. M. Lockhart,* for Respondent:

No notice to appellant of the bringing of the demurrer to a hearing was necessary. Litigants must be prepared and take notice of the proceedings of the courts, and diligently watch the progress of the matters ·in which they are interested. No notice to appellant was required, even if no court rule had been in existence. (*Welch* v. *Jepson,* 58 Pac. 789; *Union Brewing Co.* v. *Cooper,* 60 Pac. 946.)

If it appears that the matrimonial domicile is in the state where the action is brought, full faith and credit is given if the decree is valid and has been rendered upon sufficient service of process; otherwise, full faith and credit is withheld. (*Haddock* v. *Haddock,* 201 U. S. 562; 50 L. Ed. 867; *Atherton* v. *Atherton,* 181 U. S. 155; 45 L. Ed. 794.)

The principle of comity will not · apply in *ex parte* actions. (*Stilphen* v. *Stilphen,* 58 Me. 508, 4 Am. Rep. 305.)

By the Court, MCCARRAN, C. J.:

This action was presumably brought under the statute of this state (section 2166, Revised Laws of Nevada, 1912), which we find to be as follows:

"In case of the dissolution of the marriage by decree of any court of competent jurisdiction, the community property must be equally divided between the parties, and the court granting the decree must make such order for the division of the community property, or the sale and equal distribution of the proceeds thereof, as the nature of the case may require; *provided,* that when the decree

of divorce is rendered on the ground of adultery or extreme cruelty, the party found guilty thereof is only entitled to such portion of the community property as the court granting the decree may, in its discretion, from the facts in the case, deem just and allow; and such allowance shall be subject to revision on appeal in all respects, including the exercise of discretion, by the court below."

From the record we learn that appellant and respondent were married at Los Angeles, Cal., January 6, 1902; that on August 31, 1914, pursuant to the suit and prayer of this appellant, a decree of divorce was rendered by the district court of Ada County, State of Idaho. At the time of the bringing of the action for divorce, this respondent, defendant in the divorce action, was in business and in possession of certain real and personal property at the town of East Ely, White Pine County, Nevada. Nothing in the record would indicate that he was ever a resident of Idaho. Summons in the divorce action commenced in Ada County, Idaho, was served on the defendant, respondent here, personally, at East Ely, White Pine County, Nevada. The record discloses that in the divorce action in Idaho this respondent made no appearance, either in person or by attorney, and made no attempt to plead or defend in such action, hence default was entered against him.

Some time after the decree of divorce was entered in the Idaho court, this action was commenced in the district court of White Pine County for a partition of the real and personal property "according to the respective rights of the parties interested therein," and that the defendant Keenan, respondent here, be made to disclose and account for the personal property and the value thereof on hand on the 3d day of August, 1914, and the rents and profits of said real property and the profits of his business since that date. A demurrer raising the question of jurisdiction having been sustained by the trial court, appeal is taken to this court from such order.

1. We deem it unnecessary, in arriving at a conclusion here, to pass upon questions suggested as to the jurisdiction of the Idaho court to render the decree of divorce. The appellant here, plaintiff in the Idaho court, chose that forum to determine and terminate the marriage status existing between herself and the respondent. The record would indicate that at the time of the commencement of the action in Idaho the respondent was living in this state and was in possession of considerable property situated in this state. It appears from the decree of the Idaho court, copy of which is in the record, that no property of any nature belonging to respondent or in which he was at all interested was found in the State of Idaho. This fact must have been known to the wife prior to the commencement of her action for divorce, and we refrain from conjecture as to why such action was commenced in a jurisdiction other than that in which the husband resided and the community property, if it was community property, existed. Appellant here, however, having submitted her cause for divorce to the Idaho court, is entitled to the full force and effect of the Idaho decree in so far as the court rendering that decree had power to make it effective; but no more. As to whether that court had jurisdiction, in view of the allegations of the complaint for divorce, to determine the marriage status of the parties or to render a valid decree, is not a question with which we deem it necessary to deal. An action in divorce is generally regarded as proceedings *in rem,* and the Idaho court may have been, and probably was, warranted in entering its decree dissolving the marriage status, inasmuch as one of the parties was deemed to be properly before that court; but further than this the Idaho court could not, and, indeed, did not attempt to go. It had acquired no jurisdiction over either the person of the defendant in the divorce action, respondent here, or over the property. Whatever may be the effect of the decree of the Idaho court on the marriage status of respondent here, the great weight of authority holds

that under such circumstances as those presented in the record no binding decree *in personam* could have been entered against the respondent. (Black on Judgments, vol. 2, sec. 933; *Pennoyer* v. *Neff*, 95 U. S. 714; *Proctor* v. *Proctor*, 215 Ill. 275.)

The proceedings here have not even the dignity of a personal judgment rendered against the respondent in a foreign state. Indeed, even if such were the case, under the rule announced by most eminent authority, such would be void, defendant in that action having been at the time of the rendition of the judgment a nonresident of the state in which the judgment was rendered, and he never having been brought within the jurisdiction of the Idaho court. (*Haddock* v. *Haddock*, 201 U. S. 567; *Pennoyer* v. *Neff, supra.*)

2. Our statute (sec. 2166) relied upon here, is, in our judgment, quite distinct in so far as its intendment is concerned:

"In case of the dissolution of the marriage by decree of any court of competent jurisdiction, the community property must be equally divided between the parties, and *the court granting the decree* must make such order for the division of the community property * * * as the nature of the case may require."

It is "the court granting the decree" that must make such order for the division of the community property. The expression here emphasized is found later on in the same section, and in each instance its intendment is clearly indicated; continuing, the statute reads:

"When the decree of divorce is rendered on the ground of adultery or extreme cruelty, the party found guilty thereof is only entitled to such portion of the community property as *the court granting the decree* may * * * allow."

In the case at bar, it was a foreign court, a tribunal in a foreign jurisdiction, that granted the decree. No court having jurisdiction over the property was called upon to render a decree dissolving the marriage status

or to determine as to equitable distribution. Hence, this is not a case involving dissolution of a marriage status by decree of a court of competent jurisdiction in so far as the community property is concerned.

In California, under a somewhat similar condition, the courts have held that when a decree of divorce is granted and no disposition made of the community property, the wife might assert her interest in such property by another suit in another court, but in the same state. To the same effect has been the holding in a Texas case. (*De Godey* v. *Godey,* 39 Cal. 157; *Whetstone* v. *Coffee,* 48 Tex. 269.) We do not here assume to determine, and, indeed, the question is not before us, as to whether a similar construction would apply to our statute under like conditions.

3. It is a well-settled rule that process from the tribunals of one state cannot run into another and summon parties therein domiciled to respond. It is equally true of process sent to parties out of the state in so far as such would tend to establish personal liability. Whatever might be said as to the validity of the judgment and the decree of divorce rendered by the Idaho court as the same might have affected property of respondent in the State of Idaho, where service by summons was by publication or by personal service in a foreign jurisdiction, it will suffice to say in the matter at bar that the effect of the decree of the Idaho court on property within this jurisdiction is *nil.* (15 R. C. L. 913.)

4. It is stated as a proposition of law that an action may be maintained in one state on a judgment or decree rendered in another, whenever such judgment or decree creates a personal obligation. But where such rule is sought to be enforced, the jurisdiction of the court rendering the original judgment or decree must be complete. Such cannot be said when the court rendering the original decree has never acquired jurisdiction either over the person of the defendant or over the property that might be involved.

Where a party is neither within the jurisdiction nor served with process therein, and no voluntary appearance is made to the suit either by himself or by his authorized representative, the rule is eminently supported that a judgment under such circumstances cannot be enforced against him in a foreign state. (*McVicker* v. *Beedy,* 31 Me. 314, 50 Am. Dec. 666; *Phelps* v. *Brewer,* 19 Cush. 390, 57 Am. Dec. 56; 15 R. C. L. 912; *McCreery* v. *Davis,* 44 S. C. 195, 22 S. E. 178, 28 L. R. A. 655, 51 Am. St. Rep. 794; *Grant* v. *Swank,* 74 W. Va. 93, 81 S. E. 967, L. R. A. 1915B, 881.)

5. Eminent authority supports the rule that where there is substituted service of summons, the most that can be acquired is a judgment enforceable upon property within the state. (15 R. C. L. 913.)

The identical question found in the case at bar, but considered under circumstances which if presented here would be much more favorable to the contention of appellant, was decided in the case of *Barrett* v. *Failing,* 111 U. S. 523, 4 Sup. Ct. 598, 28 L. Ed. 505, wherein the Circuit Court of the United States for the District of Oregon held that a statute somewhat similar to ours, existing in the State of Oregon, was limited as to its effect to divorces granted by the courts of Oregon, and could not be taken advantage of to affect community property within the State of Oregon, where the divorce was granted in another jurisdiction. In that case the divorce had been granted in the State of California; the jurisdictional features were complete, inasmuch as both parties were before the California court at the time that tribunal granted the decree. The opinion of Mr. Justice Gray in dealing with the question is quite illuminative of the subject, and the principles of law there enunciated we think may be applied with propriety to the matter at bar.

6. Counsel for appellant, in his brief, lays much stress on the liberality of the divorce laws of Nevada, and by way of argument infers that by reason of such laws the courts of this state as a matter of comity should

recognize the decree granted to appellant in the State of Idaho.

Counsel's position in this respect is dwelt upon at length by the Supreme Court of Idaho in a case, the circumstances of which were ·almost identical to those presented in the matter at bar, wherein that court held that where the wife abandoned her husband and home in the State of Idaho and took up her residence in another state, voluntarily leaving the jurisdiction of Idaho and leaving the domicile and community property located in that state, and obtained a decree of divorce in another jurisdiction on constructive service, she could not thereafter maintain an independent action within the jurisdiction of the State of Idaho for a division of the community property located therein. (*Bedal* v. *Sake,* 10 Idaho, 270, 77 Pac. 638, 66 L. R. A. 60.) The court in that case dwelt at some length on the subject, and took occasion to observe that:

"The grounds upon which a divorce may be granted in this state (Idaho) are as numerous as any of our sister states. Hence, under ordinary circumstances and conditions, it is unnecessary for any one to seek another forum in which to prosecute an action for divorce. The plaintiff in this action, for some reason best known to herself, saw fit to leave this state and prosecute her action in Oregon, certainly knowing that a division of the community property could not be decreed by the courts of that state on a service by publication. * * * As we view it, it was the duty of the plaintiff to commence her action in the jurisdiction where the property was situated, procure personal service on the defendant, and thus acquire jurisdiction of the property, and, in the disposition of the case, place the court in a position to settle their marital relations as well as their property rights."

We deem the observation of the Supreme Court of Idaho quite appropriate and applicable to the matter at bar, in view of the circumstances of the case.

7. Counsel for appellant complains of the action of

the trial court in dismissing the proceedings without affording opportunity for appellant to amend. Whatever force there might have been in the contention of appellant in this respect, we take it to have lost its significance, inasmuch as no application was made to the trial court for either a modification of the order dismissing the action or for time in which to amend.

8. In all cases where a demurrer to a complaint is overruled, we suggest that it is proper practice for the court to afford opportunity for amendment. In the matter at bar, however, the complaint in the action was based upon the record of the Idaho court, all of which was fully set forth. It would be difficult to conjecture how or to what extent the complaint could have been amended, even had opportunity been afforded. Hence, as we view it, no prejudice resulted from the action of the court in failing to extend time in which appellant might amend.

The order of the lower court in sustaining the demurrer should not be disturbed. The order appealed from is therefore affirmed.