ROBERT A. WHIPP, *Executor, etc.* v. ARTHUR O. WHIPP, *et al.*

(No. C.C. 443)

Submitted April 14, 1931. Decided April 21, 1931.

*Wm. MacDonald,* for plaintiff.

*Emory Taylor* and *Lester Reynolds,* for defendant Arthur O. Whipp.

*William Beasley* and *I. P. Whitehead,* for defendant Federal Land Bank of Baltimore.

WOODS, JUDGE:

The bill, the sufficiency of which we are called upon to determine, proceeds upon the theory that the land described in a conveyance, bearing date May 4, 1923, from Amos Whipp to Arthur O. Whipp was therein impressed with an equitable lien for the support and maintenance of the grantor. The executor of the estate of Amos Whipp seeks by the bill to enforce this alleged lien for the benefit of Isaac and Ida Whipp, who had cared for Amos Whipp at different times, subsequent to said conveyance.

Whatever the law may be in other jurisdictions, it is well settled in this State that in order for maintenance requirements to operate as a lien or charge on the land, the "intent to impose such burden must definitely appear, or be directly inferable from the grant when properly construed." *Grant* v. *Swank et al.,* 74 W. Va. 93, 81 S. E. 967, L. R. A. 1915B, 881, Ann. Cas. 1917C, 286.

The deed under consideration contains no limitation or restriction upon the fee conveyed tending in any way to support a lien for support and maintenance, unless the same is included in the following excerpt therefrom: "That for and in consideration of one ($1.00) Dollar, and other good and valuable considerations receipt of all of which is hereby acknowledged and for the further consideration that the said Arthur O. Whipp shall provide a comfortable home and support for the said Amos Whipp during the remainder of his life, should he desire to avail himself of the same and the further consideration that the said Arthur O. Whipp upon the death of the said Amos Whipp, shall provide for the said Amos Whipp a fitting and appropriate burial and shall erect at his grave a fitting and appropriate marker, the said Amos Whipp, widower, doth grant and convey unto the said Arthur

O. Whipp all his real estate, with all the appurtenances there-unto belonging in Mineral County, West Virginia, which said real estate is more particularly described as follows.''

Our statute (Code, 38-1-1) providing that a lien for pur-chase money to be valid must be expressly reserved on the face of the conveyance has never been held applicable to con-siderations of the nature sought to be invoked here. As stated in *Loar* v. *Poling,* 107 W. Va. 280, 148 S. E. 114, 64 A. L. R. 1250: "This Court has never hesitated to grant relief in such cases where the intent to charge the land appeared in the deed." In that case the support was to be furnished "on the land." The quoted words were construed as clearly in-dicating the intent of the grantors to impose the burden of their support on the land, thereby creating a lien or charge enforceable in equity.

The provision in the deed in the instant case contains nothing that would lead us to hold that such support was to be given on the land, unless, as plaintiff insists, the words "should he desire to avail himself of the same" can be so construed. Such right of election does not create a charge. Whether or not the right to support attaches to the land, or is a mere personal covenant, depends upon the language of the deed. If it creates a charge on the land, then, of course, a party taking a deed from the grantee would take subject to the possibility of the decedent's election, but not otherwise. In other words, if the land was charged with such a contin-gency, the purchaser would be put upon inquiry. As we view it, the language of the deed is not sufficient to create a charge on the land. Courts cannot vary the rules of con-struction to meet the cases of hardship and injustice, how-ever remediless they may be. The covenant being a personal one must be enforced, if at all, in a court of law.

For the foregoing reasons, we must reverse the action of the chancellor in overruling the demurrer to the bill, and so certify.

*Ruling reversed; demurrer sustained.*