**Lou FABIAN, Plaintiff,**

v.

**W. George KENNEDY, Defendant.**

**Civ. A. No. C–70–1–P.**

United States District Court,
N. D. West Virginia.

Nov. 18, 1971.

Robert E. Keltner, Parkersburg, W. Va., W. T. Weber, Jr., Weston, W. Va., Russell W. Bartels, Denver, Colo., for plaintiff.

John S. Bailey, Jr., Parkersburg, W. Va., Hugo L. Black, Jr., Miami, Fla., for defendant.

MAXWELL, Chief Judge.

Plaintiff, Lou Fabian, a resident and citizen of the State of Indiana, brings this action against defendant, W. George Kennedy, a resident and citizen of the State of Florida, on a contract for plaintiff's operation of leases owned by defendant to extract minerals allegedly situate in the Northern Judicial District of West Virginia.

Plaintiff alleges jurisdiction is based upon diversity of citizenship and involves an amount in controversy in excess of $10,000.

Plaintiff brings his action on an oral contract allegedly made in July of 1968, the terms of which were memorialized by writing on August 5, 1968, by letter from defendant to plaintiff, signed by both parties. The contract provides for plaintiff's operation of defendant's oil and gas leases and for the payment of expenses of operation from profits derived therefrom.

Paragraph 8 of the letter-contract provides that after the defendant's (lease owner's) share of the net proceeds from the operation of the leases reaches $586,000.00 plus any additional sums advanced by him, then the defendant "will assign all his right, title and interest in said properties, wells and equipment located thereon to you [the plaintiff]. If Mr. Kennedy [the defendant] does not receive said amount in full, you will not have any right, title or interest whatsoever in said properties and wells."

Paragraph 9 states, "If Mr. Kennedy has not received the full sum provided in Paragraph 8 hereof within six years from the date hereof, this agreement shall terminate and you will have no further interest in said wells and properties."

Paragraph 10 of the letter-contract provides that the plaintiff shall not pledge, assign or otherwise transfer "your rights or interest" and that in the event of plaintiff's death or disability,

the agreement may be terminated by the defendant.

There is no allegation that the letter-contract or any part thereof was negotiated or consummated in the State of West Virginia. The contract, Paragraph 5, provides that payments due thereunder by plaintiff to defendant are to be made at defendant's Florida residence.

In his original complaint plaintiff seeks money damages and injunctive relief.

Our record shows that service of process was made by leaving a copy of the summons with defendant's sixteen year old son at defendant's Florida residence.

Defendant did not answer the complaint but filed a motion to dismiss based on the following grounds:

1. Lack of personal jurisdiction over the defendant.

2. Lack of in rem jurisdiction over the defendant.

3. Improper venue.

Plaintiff asked leave to amend his complaint by adding the following prayer for relief:

1. " * * * that title to the real estate described above be quieted in him."

2. " * * * that the Court herein decree that the plaintiff is the beneficial owner of the said real estate and is entitled to retain the possession thereof."

3. " * * * that the Court decree that the plaintiff has a lien upon defendant's interest in the said real estate for monies expended * * * ", and that the lien be foreclosed and defendant's interest sold with the proceeds of the sale distributed in accordance with the interests and rights of the parties.

Additionally, and during the pendency of these issues, Bernard I. Schleder, a citizen of the State of Colorado, sought leave to intervene as a defendant, asserting claims against as well as the right to operate the subject mineral leases.

The threshold questions presented are whether this Court has jurisdiction over the person of the defendant; whether this is an in rem action which will support service and venue under Title 28, U.S.C. § 1655, and Title 28, § 1391(a); and finally, whether venue is properly laid in the Northern District of West Virginia.

The sufficiency of service is determined by Rule 4(e), Federal Rules of Civil Procedure:

> (e) * * * *Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

Title 28, U.S.C. § 1655 is "a statute of the United States" to which Rule 4(e) applies, the applicable part of which reads:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent

defendant to appear or plead by a day certain.

Venue is controlled by Title 28 § 1391(a):

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

The effect of service on a person neither an inhabitant of the State in which the District Court is located nor served therein is determined by Rule 4(e), Federal Rules of Civil Procedure. Requisites for in personam jurisdiction in federal actions are stated in Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119:

In a civil suit *in personam* jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. Under the general provisions of law, a United States district court cannot issue process beyond the limits of the district, (citations omitted); and a defendant in a civil suit can be subjected to its jurisdiction *in personam* only by service within the district. (citation omitted).

■ It does not appear that this Court acquired in personam jurisdiction over the non-resident defendant under any federal rule of law by the service of process made at his residence in the State of Florida.

■■ No statute or rule of the State of West Virginia, pursuant to Rule 4(e), Federal Rules of Civil Procedure, provides that in personam jurisdiction can be had over a non-resident served outside the state. Personal service of process on a non-resident of West Virginia outside the state has the same effect, and no other, as an order of publication. West Virginia Code, § 56–3–25 (Michie

1966); Smith v. Smith, 140 W.Va. 298, 83 S.E.2d 923 (1954).

Rule 4(f), West Virginia Rules of Civil Procedure, provides that personal service outside the state on a non-resident shall have the same effect as constructive service. It is held in Grant v. Swank, 74 W.Va. 93, 81 S.E. 967, that a personal decree against a non-resident defendant, not served otherwise than by publication, and not appearing to the proceeding, is erroneous.

■ This Court did not acquire in personam jurisdiction over this defendant through Rule 4(e), Federal Rules of Civil Procedure, by the operation of any state statute or rule.

■ 28 U.S.C. § 1655 is a statute for which service in a federal action is provided by Rule 4(e), Federal Rules of Civil Procedure; Moore's Federal Practice, Vol. 2, § 4.33, et seq. To fall within the scope of § 1655, relief sought must be against the property, i. e., in rem, and not in personam judgment against the defendant, since an in personam action, as advanced here, will not support service under § 1655.

■ In order to fulfill the requirements of jurisdiction and venue under § 1655, where the defendant has not been personally served within the District, three essential requisites must be met. Judge Dobie, speaking for the Fourth Circuit in McQuillen v. National Cash Register Co., 112 F.2d 877 (4th Cir. 1940), cert. den. 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450, reh. den. 311 U.S. 729, 61 S.Ct. 316, 85 L.Ed. 474, interpreted former § 118 predecessor of § 1655, as follows:

It seems that before this section (which permits suit in the district in which property, real or personal, is situated) may be successfully invoked by a litigant, three essential requisites must have been fulfilled: (1) the suit must be one to enforce a legal or equitable lien upon, or claim to, the title to real or personal property, or to remove some encumbrance, lien or cloud upon the title of such property; (2)

the proceeding must be in aid of some pre-existing claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself; (3) the property in question must have a situs within the district in which suit is brought in a federal district court.

One (1) and two (2) of the requisites above stated are not apparent in the instant case.

■ The agreement between plaintiff and defendant was executory at the time this action was commenced. Defendant had no obligation to assign to plaintiff any interest in or title to real estate, i. e., minerals, unless and until payments through operation of the leases reached $586,000.00. Until that condition precedent was met, plaintiff had no basis for an action to require specific performance to compel assignment of title or interest. Plaintiff does not allege payments of $586,000.00 to defendant. The breach of contract, if any, gave rise to an action of a personal nature and not an action in rem upon an interest in real estate.

Paragraph 10 contemplates the personal nature of the contract by providing that plaintiff's rights or interest terminate in the event of his death or disability. Kelley v. Thompson Land Company, 112 W.Va. 454, 164 S.E. 667, stands for the proposition that the death of a party terminates a contract of a personal nature. In *Kelley*, one Thompson, owner of coal lands, promised to pay Kelley $125.00 per month and ⅛ interest in a corporation to be formed provided Kelley successfully prospected and opened up coal production on the subject land. Work of prospecting and production progressed well by the time of Thompson's death three (3) years after the inception of the contract. The corporation had not been formed. The court held that Thompson's obligation to form the corporation was of a personal nature and that specific performance could not be had by the plaintiff. The court further held that Kelley could recover upon a quantum meruit for benefits conferred upon the estate of decedent Thompson.

■ The agreement between Fabian and Kennedy created no lien upon or claim to nor did it place a cloud upon the title to real or personal property owned by the defendant as required by § 1655. Watson v. Coast, 35 W.Va. 463, 477 and 478, 14 S.E. 249, 253, held:

An agreement to sell and convey land, but which is not a conveyance operating as a present transfer of legal estate and seisin, is at law wholly executory, and produces no effect upon the estates and titles of the parties, and *creates no lien or charge on the land itself.* (emphasis supplied).

Although equity will enforce the performance of an agreement to sell and convey real estate when all conditions precedent are met, the relationship of the parties, at the institution of this action, was, by virtue of the executory nature of the contract, a personal one creating no lien on real estate.

■ Plaintiff does not allege the execution of the contract in West Virginia nor are payments due thereunder to be made in the state; therefore, venue does not lie to support constructive service under the law of the State of West Virginia pursuant to Rule 4(e), Federal Rules of Civil Procedure. A cause of action under West Virginia Code, § 56–1–2 (Michie 1966), arises in a county where the violation or breach of duty occurs. Staples v. Left Fork Fuel Company, 138 W.Va. 819, 77 S.E.2d 872. In the absence of an agreement to the contrary, a debt is to be paid at the residence of the creditor and it is the duty of the debtor to seek his creditor and make such payment. Jones v. Main Island Creek Coal Company, 84 W.Va. 245, 99 S.E. 462, and Iacuone v. Pietranton, 138 W.Va. 776, 77 S.E.2d 884.

Upon consideration of the matters discussed herein, it is ordered that the mo-

tion to dismiss is granted. It is accordingly unnecessary for the Court to reach Bernard I. Schleder's application for intervention and plaintiff's motion for leave to amend the complaint.